THOMAS W. PULLIAM, JR. (State Bar No. 46322)
MICHELLE A. CHILDERS (State Bar No. 197064)
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California  94105-2235
Telephone: (415) 591-7500
Facsimile: (415) 591-7510
Thomas.Pulliam@dbr.com
Michelle.Childers@dbr.com

Attorneys for Defendant
SMITHKLINE BEECHAM CORPORATION DBA
GLAXOSMITHKLINE (erroneously sued as "SMITHKLINE
BEECHAM d/b/a GLAXOSMITHKLINE")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF DENNIS PAUL TORGERSON, Deceased, by CHERYL TORGERSON, Personal Representative, and CHERYL TORGERSON, a natural person,<br><br>Plaintiffs,<br><br>v.<br><br>SMITHKLINE BEECHAM d/b/a GLAXOSMITHKLINE, a British corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. C075028-JCS<br><br>**DEFENDANT SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendant SmithKline Beecham Corporation, d/b/a GlaxoSmithKline ("GSK"),

erroneously sued as SmithKline Beecham d/b/a Glaxo SmithKline, serves its Answer and

Defenses as follows:

///

///

**FIRST DEFENSE**

Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

**SECOND  DEFENSE**

For its Second Defense, GSK responds to the individually-numbered paragraphs of Plaintiffs' Complaint as follows:

**ANSWERING THE SECTION ENTITLED**

**"NATURE OF THE CASE"**

1.    GSK admits that Plaintiffs allege that this is a diversity jurisdiction, products liability, personal injury and wrongful death case.  GSK admits that it marketed, promoted, conducted clinical trials involving, and for purposes of this litigation, manufactured the prescription pharmaceutical paroxetine hydrochloride, which is marketed and sold in the United States as Paxil® ("Paxil") and Paxil CR® ("Paxil CR").  GSK further admits that it has manufactured and supplied generic paroxetine hydrochloride to Par Pharmaceuticals, Inc. ("Par Pharmaceuticals") for distribution by Par Pharmaceuticals in the United States.  GSK is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 1 of Plaintiffs' Complaint relating to Mr. Torgerson's alleged ingestion of Paxil and the circumstances of his death.  GSK denies the remaining allegations in Paragraph 1 of Plaintiffs' Complaint.

**ANSWERING THE SECTION ENTITLED "PARTIES"**

2.    GSK admits that Plaintiffs have brought claims pursuant to Cal. Code Civ. Proc. § 377.30 and §377.60, but denies that Plaintiffs are entitled to recover thereunder.  GSK is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiffs' Complaint regarding Cheryl Torgerson's residency, relationship to Dennis Torgerson, or standing.

3.    GSK admits that it is owned, through several layers of wholly owned subsidiaries, by a publicly held limited company incorporated under the laws of England and Wales; that it is a Pennsylvania corporation with its principal place of business in Pennsylvania; that it has offices

1  in North Carolina; that it marketed, promoted, conducted clinical trials involving, and for

2  purposes of this litigation, manufactured the prescription pharmaceutical paroxetine

3  hydrochloride, which is marketed and sold in the United States as Paxil and Paxil CR; and that it

4  has manufactured and supplied generic paroxetine hydrochloride to Par Pharmaceuticals for

5  distribution by Par Pharmaceuticals in the United States.  GSK admits that Paxil, Paxil CR, and

6  generic paroxetine are prescription drugs known as a selective serotonin reuptake inhibitors

7  ("SSRIs").  GSK denies any remaining allegations in Paragraph 3 of Plaintiffs' Complaint.

8      4.      GSK is without knowledge or information sufficient to form a belief as to the

9  truth of the allegations in Paragraph 4 of Plaintiffs' Complaint.  To the extent Paragraph 4 of

10  Plaintiffs' Complaint contains allegations directed to GSK, GSK denies the allegations.

11      5.      GSK denies the allegations in Paragraph 5 of Plaintiffs' Complaint.

12  **ANSWERING THE SECTION ENTITLED "JURISDICTION"**

13      6.      GSK admits that Plaintiffs contend there is diversity of citizenship between GSK

14  and Plaintiffs and that the amount in controversy exceeds $75,000.00.  GSK denies any

15  remaining allegations in Paragraph 6 of Plaintiffs' Complaint.

16  **ANSWERING THE SECTION ENTITLED "VENUE"**

17      7.      GSK admits that it is qualified to do business in California, but denies that it has

18  committed any act or omission in this district that would subject it to the jurisdiction or venue of

19  the Court.  GSK denies any remaining allegations in Paragraph 7 of Plaintiffs' Complaint.

20  **ANSWERING THE SECTION ENTITLED**

21  **"INTRADISTRICT ASSIGNMENT"**

22      8.      GSK denies that it has committed any act or omission in this district that would

23  subject it to the jurisdiction or venue of the Court.  GSK denies any remaining allegations in

24  Paragraph 8 of Plaintiffs' Complaint.

25  **ANSWERING THE SECTION ENTITLED "FACTS"**

26      To the extent the paragraph of Plaintiffs' Complaint entitled "Facts" contains allegations

27  directed to GSK, GSK denies the allegations.

28  ///

1

2

**ANSWERING THE SECTION ENTITLED**

**"MEGA-MARKETING OF PAXIL/PAROXETINE"**

3
4
5
6

9.      GSK admits that paroxetine hydrochloride is a prescription drug that has been approved by the U.S. Food and Drug Administration ("FDA"), that it is designed to selectively inhibit the reuptake of serotonin, and that it is generally classified as an SSRI.  GSK denies the remaining allegations in Paragraph 9 of Plaintiffs' Complaint.

7
8
9
10
11
12
13

10.      GSK admits that Prozac was the first SSRI to be approved by FDA.  GSK admits that FDA approved Paxil in 1992; that Paxil has been approved by the FDA as safe and effective for the treatment of depression, generalized anxiety disorder, panic disorder, social anxiety disorder, obsessive-compulsive disorder, and post traumatic stress disorder; that in the United States, GSK has marketed and sold paroxetine hydrochloride as Paxil and Paxil CR.  GSK further admits that its financial statements speak for themselves.  GSK denies the remaining allegations in Paragraph 10 of Plaintiffs' Complaint.

14
15
16
17

11.      GSK admits that it was involved in patent litigation with Pentech Pharmaceuticals, Inc. regarding Paxil.  GSK further admits that it entered into a license agreement with Par Pharmaceuticals.  GSK denies the remaining allegations contained in Paragraph 11 and footnote 1 of Plaintiffs' Complaint.

18
19

12.      GSK admits that its financial reports and press releases speak for themselves.  GSK denies the remaining allegations contained in Paragraph 12 of Plaintiffs' Complaint.

20
21
22
23
24
25
26
27

13.      GSK admits that its license agreement with Par Pharmaceuticals entitled Par Pharmaceuticals to distribute generic paroxetine only in Puerto Rico until another generic version of immediate release paroxetine hydrochloride became available in the United States.  GSK further admits that the launch by Apotex Corp. of another generic version of paroxetine hydrochloride on or about September 8, 2003 triggered Par Pharmaceutical's ability to distribute generic paroxetine in the United States pursuant to the license agreement.  GSK is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 and footnote 2 of Plaintiffs' Complaint.

28      ///

14.     GSK is without knowledge or information sufficient to form a belief as to the

truth of the allegations regarding Dennis Torgerson's alleged use of paroxetine.  GSK admits that

it marketed, promoted, conducted clinical trials involving, and for purposes of this litigation,

manufactured the prescription pharmaceutical paroxetine hydrochloride, which is marketed and

sold in the United States as Paxil and Paxil CR, and that it has manufactured and supplied

generic paroxetine hydrochloride to Par Pharmaceuticals for distribution by Par Pharmaceuticals

pursuant to a license agreement with GSK.  GSK further admits that it has agreed to indemnify

Par Pharmaceuticals under certain circumstances.  GSK denies the remaining allegations

contained in Paragraph 14 of Plaintiffs' Complaint.

15.     GSK denies the allegations contained in Paragraph 15 and footnote 3 of Plaintiffs'

Complaint.

## ANSWERING THE SECTION ENTITLED
## "GSK'S 'TOO LITTLE, TOO LATE'
## WARNING ABOUT PAXIL & SUICIDE"

16.     GSK admits that on June 6, 2001, a jury in the District of Wyoming rendered a

verdict in a case entitled Tobin v. SmithKline Beecham Corporation, which included a finding of

causation.  GSK further admits that the U.S. Magistrate Judge in the District of Wyoming who

handled that case denied GSK's Motion for a New Trial.  GSK denies the remaining allegations

in Paragraph 16 of Plaintiffs' Complaint.

17.     Paragraph 17 merely recites Plaintiffs' own legal conclusions to which no

response is required.  To the extent a response is required, GSK admits that Paxil's and Paxil

CR's warnings are governed by the FDA, and that the FDA is charged with identifying the actual

and potential safety risks of prescription drugs and deciding how those risks should be disclosed

in the prescribing information.  GSK further admits that in its most recent labeling action on May

2, 2007, FDA yet again concluded that "scientific data did not show [an] increased risk [of

suicidality] in adults older than 24, and that adults ages 65 and older taking antidepressants have

a decreased risk of suicidality."  GSK denies the remaining allegations in Paragraph 17 of

Plaintiffs' Complaint.

1    18.    Paragraph 18 merely recites Plaintiffs' own legal conclusions to which no

2    response is required. To the extent a response is required, GSK admits that, in the 2003, the

3    Medicines and Healthcare products Regulatory Agency ("MHRA") contraindicated paroxetine

4    for pediatric use in the United Kingdom, and that the MHRA's actions speak for themselves.

5    GSK further admits that in its most recent labeling action on May 2, 2007, FDA yet again

6    concluded that "scientific data did not show [an] increased risk [of suicidality] in adults older

7    than 24, and that adults ages 65 and older taking antidepressants have a decreased risk of

8    suicidality." GSK denies the remaining allegations in Paragraph 18 of Plaintiffs' Complaint.

9    19.    Paragraph 19 merely recites Plaintiffs' own legal conclusions to which no

10    response is required. To the extent a response is required, GSK admits that, upon information

11    and belief, Effexor is a serotonin-norepinephrine reuptake inhibitor, or SNRI. GSK is without

12    knowledge or information sufficient to form a belief as to the truth of the allegations regarding

13    Wyeth's "Dear Doctor" letter. GSK denies the remaining allegations in Paragraph 19 and

14    footnote 4 of Plaintiffs' Complaint.

15    20.    Paragraph 20 merely recites Plaintiffs' own legal conclusions to which no

16    response is required. To the extent a response is required, GSK admits that the FDA issued a

17    Public Health Advisory on March 22, 2004, which speaks for itself, and states in part that "it is

18    not yet clear whether antidepressants contribute to the emergence of suicidal thinking and

19    behavior." GSK denies the remaining allegations in Paragraph 20 of Plaintiffs' Complaint.

20    21.    Paragraph 21 merely recites Plaintiffs' own legal conclusions to which no

21    response is required. To the extent a response is required, GSK admits that in its most recent

22    labeling action on May 2, 2007, FDA yet again concluded that "scientific data did not show [an]

23    increased risk [of suicidality] in adults older than 24, and that adults ages 65 and older taking

24    antidepressants have a decreased risk of suicidality." GSK denies the remaining allegations in

25    Paragraph 21 of Plaintiffs' Complaint.

26    22.    Paragraph 22 merely recites Plaintiffs' own legal conclusions to which no

27    response is required. To the extent a response is required, GSK admits that its financial

28    ///

1    statements and the testimony of its employees speak for themselves. GSK denies the remaining

2    allegations in Paragraph 22 of Plaintiffs' Complaint.

3         23.    Paragraph 23 merely recites Plaintiffs' own legal conclusions to which no

4    response is required. To the extent a response is required, GSK admits that it issued a "Dear

5    Doctor" letter in May 2004, and that letter speaks for itself. GSK denies that the data shows a

6    causal relationship between Paxil and suicide or suicidality in any age population. GSK denies

7    the remaining allegations in Paragraph 23 of Plaintiffs' Complaint.

8         24.    Paragraph 24 merely recites Plaintiffs' own legal conclusions to which no

9    response is required. To the extent a response is required, GSK admits that on October 15, 2004,

10   FDA issued a Public Health Advisor, and that document speaks for itself. GSK further admits

11   that the FDA notified GSK that it should not implement labeling changes relating to suicidality

12   in pediatric patients until specifically directed by FDA, and that on January 26, 2005, the FDA

13   did not remove—and again approved—the following statement from Paxil's labeling: "It is also

14   unknown whether the suicidality risk extends to adults" and "a causal link between the

15   emergence of such symptoms and either the worsening of depression and/or the emergence of

16   suicidal impulses has not been established. . . ." GSK denies the remaining allegations in

17   Paragraph 24 of Plaintiffs' Complaint.

18        25.    Paragraph 25 merely recites Plaintiffs' own legal conclusions to which no

19   response is required. To the extent a response is required, GSK admits that the FDA issued a

20   Public Health Advisory on June 30, 2005, that GSK issued a "Dear Doctor" letter in May 2006,

21   and those documents speak for themselves. GSK further admits that any other warnings on the

22   FDA's website speak for themselves. GSK denies the remaining allegations in Paragraph 25 of

23   Plaintiffs' Complaint.

24        26.    Paragraph 26 merely recites Plaintiffs' own legal conclusions to which no

25   response is required. To the extent a response is required, GSK admits that the FDA's

26   Psychopharmacological Drugs Advisory Committee ("PDAC") met on December 13, 2006, and

27   the transcripts of that meeting speak for themselves. GSK denies that FDA or any other

28   ///

1  regulatory agency has found a causal relationship between Paxil and suicide or suicidality in any

2  age population.  GSK denies the remaining allegations in Paragraph 26 of Plaintiffs' Complaint.

3      27.     Paragraph 27 merely recites Plaintiffs' own legal conclusions to which no

4  response is required. To the extent a response is required, GSK denies the allegations in

5  Paragraph 27 of Plaintiffs' Complaint.

6      28.     Paragraph 28 merely recites Plaintiffs' own legal conclusions to which no

7  response is required. To the extent a response is required, GSK denies the allegations in

8  Paragraph 28 of Plaintiffs' Complaint.

9      29.     To the extent the Paragraph 29 contains allegations directed to GSK, GSK denies

10  the allegations.

11  ### ANSWERING THE SECTION ENTITLED

12  ### "THE TRAGIC, UNNECESSARY

13  ### DEATH OF DENNIS TORGERSON"

14      30.     GSK is without knowledge or information sufficient to form a belief as to the

15  truth of the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

16      31.     GSK is without knowledge or information sufficient to form a belief as to the

17  truth of the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

18      32.     GSK denies that it caused or contributed to the injuries and damages alleged in

19  Plaintiffs' Complaint.  GSK is without knowledge or information sufficient to form a belief as to

20  the truth of the remaining allegations contained in Paragraph 32 of Plaintiffs' Complaint.

21      33.     GSK denies that it caused or contributed to the injuries and damages alleged in

22  Plaintiffs' Complaint.  GSK is without knowledge or information sufficient to form a belief as to

23  the truth of the remaining allegations contained in Paragraph 33 of Plaintiffs' Complaint.

24      34.     GSK is without knowledge or information sufficient to form a belief as to the

25  truth of the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

26  ### ANSWERING THE SECTION ENTITLED

27  ### "LEGAL THEORIES AND CAUSES OF ACTION"

28      35.     GSK denies the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

NS

ANSWER TO COMPLAINT                                    CASE NO. C075028-JCS

1    36.    GSK denies the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

2    **ANSWERING THE SECTION ENTITLED**

3    **"DAMAGES AND REMEDIES"**

4    37.    GSK admits that Plaintiffs have brought this case pursuant to the cited statutes,

5    but denies that it is liable for any alleged injuries or damages claimed by Plaintiffs or that

6    Plaintiffs are entitled to recover thereunder.  GSK denies the remaining allegations contained in

7    Paragraph 37 of Plaintiffs' Complaint.

8    **ANSWERING THE SECTION ENTITLED**

9    **"FIRST CLAIM FOR RELIEF (PRODUCT LIABILITY)"**

10    38.    GSK adopts and incorporates its answers to the allegations in Paragraphs 1-37 of

11    Plaintiffs' Complaint as though fully set forth herein.

12    39.    GSK denies the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

13    40.    GSK denies the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

14    **ANSWERING THE SECTION ENTITLED**

15    **"SECOND CLAIM FOR RELIEF (NEGLIGENCE)"**

16    41.    GSK adopts and incorporates its answers to the allegations in Paragraphs 1-40 of

17    Plaintiffs' Complaint as though fully set forth herein.

18    42.    GSK denies the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

19    43.    GSK denies the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

20    44.    GSK denies the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

21    **ANSWERING THE SECTION ENTITLED**

22    **"THIRD CLAIM FOR RELIEF (BREACH OF WARRANTY)"**

23    45.    GSK adopts and incorporates its answers to the allegations in Paragraphs 1-44 of

24    Plaintiffs' Complaint as though fully set forth herein.

25    46.    GSK denies the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

26    47.    GSK denies the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

27    ///

28    ///

## ANSWERING THE SECTION ENTITLED

## "FOURTH CLAIM FOR RELIEF

## (WRONGFUL DEATH AND LOSS OF CONSORTIUM)"

48.    GSK adopts and incorporates its answers to the allegations in Paragraphs 1-47 of Plaintiffs' Complaint as though fully set forth herein.

49.    GSK denies the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

50.    GSK denies the allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51.    GSK denies the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

## ANSWERING THE SECTION ENTITLED "PRAYER"

GSK denies that Plaintiffs are entitled to judgment against it or to recover from it the damages sought in the "Wherefore" Paragraph of Plaintiffs' Complaint.

## ANSWERING THE SECTION ENTITLED "JURY DEMAND"

GSK admits that Plaintiffs have demanded a jury trial but denies that Plaintiffs are entitled to a judgment against it or to recover from it any damages in any manner or amount whatsoever.

52.    GSK denies each and every allegation in Plaintiffs' Complaint that is not specifically admitted in this Answer.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or repose.

## FOURTH DEFENSE

Plaintiffs' claims are preempted or barred, in whole or in part, by the Federal Food, Drug and Cosmetic Act as amended, including but not limited to the doctrine of primary jurisdiction because the Food and Drug Administration of the United States Department of Health and Human Services ("FDA") has primary jurisdiction over the issues raised in Plaintiffs' Complaint and exclusive regulatory control of products such as the product at issue here. The granting of

///

1    the relief prayed for in Plaintiffs' Complaint would impede, impair, frustrate or burden the

2    effectiveness of such federal law and would violate the Supremacy Clause (Art. VI, Clause 2) of

3    the United States Constitution and the Court should either dismiss these claims for relief or defer

4    consideration of them to FDA.

### FIFTH DEFENSE

6    Plaintiffs' Complaint fails to state a claim against GSK because there is no private right

7    of action under the Federal Food, Drug and Cosmetic Act as amended.

### SIXTH DEFENSE

9    To the extent Plaintiffs' claims are based on alleged misrepresentations or omissions

10    made to FDA, such claims are barred pursuant to Buckman Co. v. Plaintiff's Legal Committee,

11    531 U.S. 341 (2001).

### SEVENTH DEFENSE

13    To the extent Plaintiffs' claims are based on fraud or fraudulent misrepresentation, such

14    claims are barred because Plaintiffs have not pointed to any alleged representations and actions

15    that were material or otherwise likely to mislead consumers or healthcare providers acting

16    reasonably under the circumstances.  Further, Plaintiffs have not pointed to any alleged

17    representations or actions that did or were likely either to affect Decedent's decisions and/or

18    conduct or proximately and/or actually cause consumers, or Decedent, to act differently.

### EIGHTH DEFENSE

20    Plaintiffs' claims are barred because any alleged representations and/or conduct on the

21    part of GSK were made in good faith and were not intended to deceive Decedent.

### NINTH DEFENSE

23    Plaintiffs' claims relating to alleged communications between GSK and regulatory

24    agencies of the United States government or any other government are barred in whole or in part

25    by operation of applicable law, including the First Amendment rights of GSK to petition the

26    government. See, e.g., Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc., 365

27    U.S. 127 (1961).

28    ///

1

**TENTH DEFENSE**

2      Plaintiffs' claims are barred in whole or in part because the commercial speech of GSK

3   relating to Paxil and Paxil CR is not false or misleading and is protected under the First

4   Amendment to the United States Constitution and under the Constitution of the State of

5   California.

6

**ELEVENTH DEFENSE**

7      Plaintiffs' claims are barred because GSK complied with applicable statutes and with the

8   requirements and regulations of FDA.  See, e.g., U.S. Const. Art. VI, cl. 2.

9

**TWELFTH DEFENSE**

10      Plaintiffs' claims are barred, in whole or in part, by the Learned Intermediary Doctrine.

11

12

**THIRTEENTH DEFENSE**

13      To the extent Plaintiffs' claims are based on alleged fraud and misrepresentation, they

14   must be dismissed because Plaintiffs failed to plead those claims with the required particularity.

15

**FOURTEENTH DEFENSE**

16      Plaintiffs' claims are barred in whole or in part by the doctrines of waiver and/or

17   estoppel.

18

**FIFTEENTH DEFENSE**

19      At all times material thereto, GSK's conduct conformed to the state-of-the-art.  Plaintiffs'

20   alleged causes of action are barred because, based upon the scientific skill and knowledge at the

21   time the subject product was distributed, the subject product was reasonably safe for normal and

22   foreseeable use, and the benefits of the subject product outweighed any associated risks.

23

**SIXTEENTH DEFENSE**

24      Plaintiffs failed to give notice of any alleged breach of warranty, whether express or

25   implied.

26

**SEVENTEENTH DEFENSE**

27      Plaintiffs' alleged claims for breach of warranty are barred by lack of privity.

28   ///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

NS

ANSWER TO COMPLAINT                                    CASE NO. C075028-JCS

1

## EIGHTEENTH DEFENSE

2

GSK denies that it made any express or implied warranties.

3

## NINETEENTH DEFENSE

4

Decedent did not rely on any alleged warranties.

5

## TWENTIETH DEFENSE

6

Plaintiffs' claims are barred, in whole or in part, by the economic loss rule.

7

## TWENTY-FIRST DEFENSE

8

Adequate and complete warnings and instructions were provided with the subject product

9

and the subject product was neither defective nor unreasonably dangerous when used according

10

to label instruction.

11

## TWENTY-SECOND DEFENSE

12

GSK pleads the application of Comments j and k to the Restatement of Torts (Second) §

13

402A and the application of Restatement (Third) of Torts: Products Liability § 6.

14

## TWENTY-THIRD DEFENSE

15

Plaintiffs' alleged damages, if they were caused by the subject product, which GSK

16

expressly denies, were caused by use of the product in contravention of warnings provided with

17

it.

18

## TWENTY-FOURTH DEFENSE

19

If Plaintiffs sustained injuries attributable to the use of the product at issue in this case,

20

which allegations are expressly denied, the injuries were solely caused by and attributable to the

21

unintended, unreasonable, and improper use, misuse, alteration, or modification which was made

22

of said product.

23

## TWENTY-FIFTH DEFENSE

24

Plaintiffs' alleged damages were not caused by any failure to warn on the part of GSK.

25

## TWENTY-SIXTH DEFENSE

26

Plaintiffs' alleged causes of action are barred, in whole or in part, by the lack of a defect

27

under the consumer expectations test, a test that does not apply here.

28

///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

13

NS

ANSWER TO COMPLAINT                                      CASE NO. C075028-JCS

1

### TWENTY-SEVENTH DEFENSE

2    Plaintiffs' alleged causes of action are barred because, based upon the scientific skill and

3    knowledge at the time the subject product was distributed, the subject product was reasonably

4    safe and the benefits of the product outweighed any associated risks.

5

### TWENTY-EIGHTH DEFENSE

6    Plaintiffs' alleged damages, if they were caused by the product, which GSK expressly

7    denies, were caused by an inherent characteristic of the product that could not be eliminated

8    without substantially compromising the product's usefulness or desirability and which is

9    recognized by the ordinary person with the ordinary knowledge common to the community.

10

### TWENTY-NINTH DEFENSE

11    Plaintiffs' alleged injuries or damages, if any, may have been caused by an idiosyncratic

12    reaction, without any negligence or failure on the part of GSK or any defect attributable to its

13    product.

14

### THIRTIETH DEFENSE

15    Plaintiffs' alleged injuries or damages, if any, were solely caused by pre-existing or

16    subsequent conditions unrelated to the product at issue in this case.

17

### THIRTY-FIRST DEFENSE

18    Plaintiffs may have failed to exercise ordinary care or reasonable care. If so, Plaintiffs'

19    Complaint should be dismissed or the damages reduced under the doctrine of contributory

20    negligence and/or comparative fault.

21

### THIRTY-SECOND DEFENSE

22    GSK states that if Plaintiffs sustained any injuries or damages, which is specifically

23    denied, and it is determined that said injuries or damages were caused in whole or in part by the

24    act, omission, negligence, or fault of other persons or entities for whom GSK is not responsible,

25    and such act, omission, negligence, or fault does not act as a complete bar to Plaintiffs' claims

26    against GSK, then GSK is entitled to an apportionment of all such causal fault and a reduction of

27    any award against it.

28    ///

## THIRTY-THIRD DEFENSE

Any injuries or damages Plaintiffs allegedly sustained were caused solely by the acts, omissions, or negligence of a person, persons, entity, or entities other than GSK for which GSK is in no way liable.

## THIRTY-FOURTH DEFENSE

The damages and injuries allegedly sustained by Plaintiffs, if any, were not legally caused by the product at issue, but instead were legally caused by intervening and superseding causes or circumstances.

## THIRTY-FIFTH DEFENSE

Plaintiffs' damages are barred or reduced by the doctrine of avoidable consequences.

## THIRTY-SIXTH DEFENSE

Any recovery by Plaintiffs must be reduced or offset by amounts Plaintiffs have received or will receive from others for the same injuries claimed in this lawsuit.

## THIRTY-SEVENTH DEFENSE

To the extent that Plaintiffs claim damages for pain and suffering, such claims are barred because they violate GSK's right to due process and equal protection under the United States Constitution.

## THIRTY-EIGHTH DEFENSE

Plaintiffs' damages, if any, are barred in whole or in part by Plaintiffs' failure to mitigate such damages.

## THIRTY-NINTH DEFENSE

GSK states that any product liability claims are barred or limited under applicable state law.

## FORTIETH DEFENSE

Plaintiffs' claims are barred because the product may have been substantially modified and/or altered.

///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

NS

1

### FORTY-FIRST DEFENSE

2      To the extent Plaintiffs plead punitive damages at a proper time, the imposition of

3  punitive damages would violate GSK's right to due process under the Fifth and Fourteenth

4  Amendments to the United States Constitution and GSK's right to equal protection under the

5  Fourteenth Amendment to the United States Constitution.

6

### FORTY-SECOND DEFENSE

7      Punitive damages are a punishment, a quasi-criminal sanction for which GSK has not

8  been afforded the specific procedural safeguards prescribed in the California Constitution and the

9  Fifth and Sixth Amendments to the United States Constitution.

10

### FORTY-THIRD DEFENSE

11      With respect to Plaintiffs' demand for punitive damages, GSK specifically incorporates

12  by reference all standards and/or limitations concerning the determination and enforceability of

13  punitive damage awards which arose in the decisions of BMW of North America v. Gore, 517

14  U.S. 559 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001),

15  and State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408, 123 S. Ct. 1513

16  (2003), together with all such standards applicable under California law.

17

### FORTY-FOURTH DEFENSE

18      Plaintiffs are not entitled to collect an award of punitive damages from GSK because an

19  award of such damages could violate the excessive fines clauses of the United States

20  Constitution.

21

### FORTY-FIFTH DEFENSE

22      Plaintiffs may have failed to join all necessary parties.

23

### FORTY-SIXTH DEFENSE

24      Any intentional conduct by GSK was consented to by Plaintiffs, and is, therefore, not

25  actionable nor is GSK liable to Plaintiffs for alleged injuries or damages arising from GSK's

26  alleged intentional conduct.

27  ///

28  ///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

16

1

### FORTY-SEVENTH DEFENSE

To the extent GSK had any obligations to Plaintiffs, such obligations have been fully, completely, and properly performed in all respects.

### FORTY-EIGHTH DEFENSE

Plaintiffs' claims are barred to the extent their alleged damages are too speculative to be recoverable at law.

### FORTY-NINTH DEFENSE

GSK is not indebted or liable to Plaintiffs in any manner or amount whatsoever.

### FIFTIETH DEFENSE

Any claims Plaintiffs may make for equitable relief are barred because Plaintiffs have an adequate remedy at law.

### FIFTY-FIRST DEFENSE

Any recovery by Plaintiffs must be reduced or offset by the amounts Plaintiffs have received or will receive from others for the same injuries claimed in this lawsuit.

### FIFTY-SECOND DEFENSE

Decedent knowingly and voluntarily assumed any and all risks with the use of the product at issue in this case and such assumption of the risk bars in whole or in part the damages Plaintiffs seek to recover herein.

### FIFTY-THIRD DEFENSE

Venue may be improper or inconvenient.

### FIFTY-FOURTH DEFENSE

GSK hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery in this case or otherwise, and hereby reserves the right to amend this Answer to assert any such defenses.

### PRAYER FOR RELIEF

WHEREFORE, GSK prays that:

(a)     Plaintiffs take nothing by reason of their Complaint;

(b)     Plaintiffs' Complaint against GSK be dismissed with prejudice in its entirety;

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105

17

NS

ANSWER TO COMPLAINT

CASE NO. C075028-JCS

1  (c)  GSK recover its costs; and

2  (d)  This Court award GSK such other and further relief as this Court may deem just

3  and proper.

4  **DEMAND FOR JURY TRIAL**

5  GSK demands a jury trial.

6

7  Dated: December 10, 2007                    DRINKER BIDDLE & REATH LLP

8

9                                              */s/ Michelle A. Childers*
                                               MICHELLE A. CHILDERS

10

11                                             Attorneys for Defendant
                                               SMITHKLINE BEECHAM CORPORATION

12                                             DBA GLAXOSMITHKLINE (erroneously
                                               sued as "SMITHKLINE BEECHAM d/b/a

13                                             GLAXOSMITHKLINE")

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

NS

ANSWER TO COMPLAINT                                             CASE NO. C075028-JCS