THOMAS W. PULLIAM, JR. (State Bar No. 46322)
MICHELLE A. CHILDERS (State Bar No. 197064)
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California 94105-2235
Telephone: (415) 591-7500
Facsimile: (415) 591-7510
Thomas.Pulliam@dbr.com
Michelle.Childers@dbr.com

Admitted *Pro Hac Vice*:
L. FRANK COAN, JR.
JENNIFER C. KANE
KING & SPALDING LLP
1180 Peachtree St., NE
Atlanta, GA 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
fcoan@kslaw.com
jkane@kslaw.com

Attorneys for Defendant
SMITHKLINE BEECHAM CORPORATION DBA
GLAXOSMITHKLINE (erroneously sued as "SMITHKLINE
BEECHAM d/b/a GLAXOSMITHKLINE")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF DENNIS PAUL TORGERSON, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>SMITHKLINE BEECHAM d/b/a GLAXOSMITHKLINE, *et al.*,<br><br>Defendants. | Case No. C075028-SI<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>**JURY TRIAL DEMANDED**<br><br>**Judge: Susan Illston** |

Pursuant to Fed. R. Civ. P. 26(f) and Civil Local Rule 16-9, Plaintiffs and Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK") jointly submit this Case

1

Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case:

1. **Jurisdiction and Service:**

The parties dispute whether jurisdiction and venue are proper here. GSK admits that it is qualified to do business in California, but denies that it has committed any act or omission in this district that would subject it to the jurisdiction or venue of the Court.

2. **Facts:**

Plaintiffs allege that, on January 27, 2004, Decedent Dennis Torgerson shot himself in the head at his home in Placerville, California. Mr. Torgerson was 60 years old at the time of his death. Plaintiffs further allege that Mr. Torgerson had been taking paroxetine hydrochloride for 37 days before he died to treat his Major Depressive Disorder and Somatization Disorder. Plaintiffs allege that Mr. Torgerson's ingestion of paroxetine hydrochloride was a proximate cause of Mr. Torgerson's suicide. They further allege GSK is liable under various legal theories to include: strict liability, negligence, and breach of warranty. They also seek punitive damages.

Paroxetine hydrochloride is marketed and sold in the United States as Paxil® ("Paxil") and Paxil CR® ("Paxil CR"). GSK has manufactured and supplied generic paroxetine hydrochloride to Par Pharmaceuticals, Inc. ("Par Pharmaceuticals") for distribution by Par Pharmaceuticals in the United States.

Paxil belongs to a class of prescription medications generally referred to as selective serotonin reuptake inhibitors ("SSRIs"). Defendant alleges that the FDA approved Paxil as safe and effective for the treatment of adult depression in December 1992. Thereafter, GSK periodically sought additional indications for use in the adult population. Defendant further alleges that each time it did so, GSK submitted updated safety data to FDA. Defendant alleges that the FDA has approved Paxil as safe and effective for the following indications: generalized anxiety disorder, social anxiety disorder, panic disorder, obsessive-compulsive disorder, pre-menstrual dysphoric disorder, and post-traumatic stress disorder in adult patients. FDA also

2

approved a controlled-release formulation, called Paxil CR, to treat a number of psychiatric indications.

At this stage, it is difficult to identify with precision the factual issues that will be in dispute. Potential areas of dispute may include: marketing of Paxil, clinical trials of Paxil, adverse events allegedly associated with the use or ingestion of Paxil, Mr. Torgerson's complete family, social, educational, and professional history, Mr. Torgerson's medical history, and the facts and circumstances surrounding Mr. Torgerson's suicide.

**3.    Legal Issues:**

At this stage, it is difficult to identify all of the legal issues that will be in dispute, but some likely issues include: general and specific causation, and preemption of Plaintiffs' claims.

**4.    Motions:**

The parties have not filed any motions, but anticipate filing a joint motion for protective order. Otherwise, they cannot yet predict with any accuracy which motions they may file in the future.

**5.    Amendments of Pleadings:**

At this time, the parties do not anticipate any amendments to the pleadings.

**6.    Evidence Preservation:**

GSK has a document retention policy that governs the preservation of evidence relevant to the issues in this action. In addition, the parties have discussed the production of electronically stored information. If and when either party requests discovery of documents or materials that are electronically stored, Plaintiffs and GSK agree that such documents will be produced electronically in the format agreed upon by the parties.

**7.    Disclosures:**

The parties' Federal Rule of Civil Procedure 26(a)(1) initial disclosures shall be made on or before **January 4, 2008**.

**8.    Discovery:**

3

The parties have not taken any discovery to date. The parties jointly propose to the court the following discovery plan:

- Each party may serve a maximum of 50 interrogatories to any other party.
- Each party may serve a maximum of 30 requests for admission to any other party.
- Given the number of fact witnesses and experts that may be involved, the parties agree that they will not count expert witnesses toward the number of depositions for each party under FED. R. CIV. P. 30(a).
- Each party will take a maximum of 15 depositions, exclusive of expert witnesses.
- Fact and expert depositions shall be limited to a maximum of 7 hours unless extended by agreement of parties.

**9.  Class Actions:**

This is not a class action.

**10.  Related Cases:**

To the parties' knowledge, there are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**11.  Relief:**

Plaintiffs seek general, punitive, and/or exemplary damages for their claims against GSK. GSK seeks to recover the costs incurred in defending against this action.

**12.  Settlement and ADR:**

Plaintiffs made a settlement demand on GSK before filing their case. Counsel for the parties have litigated many cases together before, and always try to reach resolution of the case either before it is filed or while it is pending. The parties have yet to reach agreement here, but are willing to revisit settlement negotiations once discovery is underway. The parties have stipulated to mediation according to ADR Local Rule 3-5.

**13.  Consent to Magistrate Judge for All Purposes:**

The parties will consent to a Magistrate Judge for resolution of any pretrial matter not

encompassed by this Court's June 23, 2006 Standing Order. Defendant has declined to trial of this case before a Magistrate Judge.

14. **Other References:**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues:**

At this stage, it is difficult for the parties to determine which issues can be narrowed by agreement or motion. Should this case proceed to trial, the parties request bifurcated trials on compensatory and punitive damages.

16. **Expedited Schedule:**

Because this case will involve complex issues, the parties do not believe it can be handled on an expedited basis.

17. **Scheduling:**

The parties propose the following schedule:

- Completion of formal fact discovery: **September 5, 2008.**
- Plaintiffs to serve expert reports pursuant to Rule 26(a)(2): **October 10, 2008.**
- Deadline for deposing Plaintiffs' experts: **November 7, 2008.**
- Defendant to serve expert reports pursuant to Rule 26(a)(2): **December 12, 2008.**
- Deadline for deposing Defendant's experts and completion of expert discovery: **January 9, 2009.**
- Deadline for filing any evidentiary objections to another party's expert witness, including *Daubert* motions, and dispositive motions: **April 3, 2009.**
- Final pretrial conference: **June 12, 2009.**

18. **Trial:**

The parties propose that this case will be ready for jury trial on or after **June 22, 2009.** The parties anticipate that trial of this case will take 12-17 trial days.

19. **Disclosure of Non-party Interested          Entities or Persons:**

5

GSK filed its "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16 on December 10, 2007. The following listed persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- SmithKline Beecham Corporation, which does business under the name of GlaxoSmithKline, is owned, through several levels of wholly-owned subsidiaries, by GlaxoSmithKline plc, a publicly held English limited company. To the knowledge of SmithKline Beecham Corporation and GlaxoSmithKline plc, none of the shareholders of GlaxoSmithKline plc owns beneficially ten percent or more of its outstanding shares.

- The following are parents, trusts, subsidiaries and/or affiliates of said party and have issued shares or debt securities to the public or own more than ten percent of the stock of SmithKline Beecham Corporation d/b/a GlaxoSmithKline: GlaxoSmithKline Consumer Healthcare Limited (India); GlaxoSmithKline Pharmaceuticals Limited (India); GlaxoSmithKline Consumer Nigeria plc. (Nigeria); GlaxoSmithKline Pakistan Limited (Pakistan); GlaxoSmithKline plc; GlaxoSmithKline S.A.E. (Egypt); Amoun Pharmaceutical Industries Co. S.A.E. (Egypt); Burroughs Wellcome (India) Limited; GlaxoSmithKline Bangladesh Limited; Glaxo Wellcome Ceylon Limited (Sri Lanka); SmithKline Beecham plc (U.K.); GlaxoSmithKline Capital plc (U.K.); GlaxoSmithKline Finance plc (U.K.); GlaxoSmithKline Capital K.K (Japan); Glaxo K.K. (Japan); GlaxoSmithKline Holdings (Americas) Inc. (U.S.); and GlaxoSmithKline Capital, Inc. (US).

- Plaintiffs to this lawsuit: The Estate of Dennis Paul Torgerson, Deceased, by Cheryl Torgerson, Personal Representative, and Cheryl Torgerson, a natural person. Additional wrongful death beneficiaries include Mr.

Torgerson's two sons, Dennis Torgerson and Christopher Torgerson.

- The following counsel involved in this case and their respective law firms: Arnold Anderson Vickery and Fred Shepherd of Vickery, Waldner & Mallia, LLP (attorneys for Plaintiffs); Joseph H. Low IV of The Law Firm of Joseph H. Low IV (attorneys for Plaintiffs); Chilton Davis Varner, Andrew T. Bayman, L. Frank Coan, Jr., and Jennifer C. Kane of King & Spalding LLP (attorneys for GSK); and Thomas W. Pulliam, Jr. and Michelle A. Childers of Drinker Biddle & Reath LLP (attorneys for GSK).

20. **Other matters:**

- **Privilege/Work Product**: The parties have discussed how to address privilege and work product immunity claims for documents inadvertently produced during discovery. Plaintiffs and GSK agree that if one party inadvertently produces privileged documents: (1) the producing party must inform the receiving party of the inadvertent production; (2) the receiving party must return the privileged documents; and (3) there will be no waiver of the privilege.
- **Protective Order**: The parties will enter into a stipulated protective order to govern the confidential and proprietary information that GSK may produce in response to discovery requests from Plaintiffs.

Submitted this 4th day of January, 2008.

/s/ Michelle A. Childers
---
DRINKER BIDDLE & REATH LLP
Michelle A. Childers
Attorneys for Defendant SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE

/s/ Joseph H. Low IV
---
THE LAW FIRM OF JOSEPH H. LOW IV
Joseph H. Low IV
Attorneys for PLAINTIFFS

7

## CASE MANAGEMENT ORDER

The Court hereby adopts the parties' Joint Case Management Statement and Proposed Order as the Case Management Order for the case. The parties are ordered to comply with this Order.

Dated: January ___, 2008

_____
Hon. Susan Illston, United States District Court